IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROY C. WILCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WELLS FARGO BANK, N.A., and | )   CV. NO. SA-12-CV-01208-DAE |
| WELLS FARGO MORTGAGE | ) |
| BACKED SECURITIES 2008-1R | ) |
| TRUST, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6)

The Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss ("Motion") and the supporting and opposing memoranda, the Court **GRANTS** the Motion. ("Mot.," Doc. # 3.)

BACKGROUND

This case concerns Defendant's attempt to foreclose on property located at 2802 Cascade Mist, San Antonio, Texas, 78261 ("the Property"). ("Compl.," Doc. # 1 Ex. 5 at 1–4 ¶ 6.)   On February 15, 2008, Plaintiff executed a

Deed of Trust,[1] granting Accredited Mortgage Services an interest in the Property to secure payment of a loan of $195,462.00. (Compl. Ex. A.) On November 21, 2012, Defendant scheduled the Property for a non-judicial foreclosure sale on December 4, 2012. (Id. ¶ 6.) Plaintiff asserts that it is "undisputed that [Defendant] is not the mortgagee," and maintains that Defendant must establish that it possesses a valid and enforceable lien on the Property in order to foreclose on it. (Id. ¶ 5.) According to Plaintiff, before filing suit he "sought information and verification that [Defendant] was/is a real party in interest to the loan underlying the foreclosure sale," but was "unsuccessful in obtaining validation that [Defendant] possesses a valid and enforceable lien on the Property," or that Defendant "is acting as an agent for a party that possesses a valid and enforceable lien. . . ." (Id. ¶ 6.)

---

[1] Defendant has submitted copies of the Note, Deed of Trust, and Assignment of Deed of Trust, attached to its Appendix to its Motion. (Doc. # 6, Exs. 1, 2, 3.) The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). By attaching documents to a motion to dismiss that are referred to in a plaintiff's complaint and that are central to his claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000). In this case, the Note, Deed of Trust, and Assignment are central to Plaintiff's claims and are properly considered by this Court.

Plaintiff filed suit in state court on November 27, 2012.  (Compl.) The Complaint states a claim to quiet title, and seeks to enjoin Defendant from foreclosing on the Property.  (Id. ¶¶ 5–10.)  On December 21, 2012, Defendant filed a Notice of Removal in this Court, asserting that federal jurisdiction is proper under 28 U.S.C. § 1332(a).  (Doc. # 1.)  On December 31, 2012, Defendant filed the instant Motion.  (Mot.)  Plaintiff did not file a response.  On May 24, 2013, Defendant filed an Appendix to its Motion.  (Doc. # 6.)

## LEGAL STANDARD

I.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the

plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice unless it is clear that the complaint's defects are incurable.  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

## DISCUSSION

In his Complaint, Plaintiff, asserting a claim to quiet title, asks the Court to determine whether Defendant possesses a valid and enforceable lien on the Property.  (Compl. ¶ 5.)  If Defendant cannot establish a valid and enforceable interest, Plaintiff "seeks an equitable ruling from this Court to remove [Defendant's] claim from his title interest."  (Id.)

In Defendant's Motion, Defendant contends that Plaintiff fails to state a plausible claim.  (Mot. ¶ 5.)  First, Defendant points out that Plaintiff acknowledged that the Property is encumbered by a Deed of Trust.  (Id.)  Additionally, Defendant maintains that Plaintiff has failed to plead any facts that would warrant removing the lien.  (Id.)  Therefore, Defendant also maintains that Plaintiff failed to state a plausible claim for injunctive relief.  (Id. ¶ 6.)  Lastly, Defendant argues that Plaintiff cannot prevail on his claims against Wells Fargo Mortgage Backed Securities 2008-1R Trust ("the Trust") because Plaintiff asserts no facts concerning the Trust and no causes of action against the Trust.  (Id. ¶ 14.)

I. <u>Quiet Title Claim</u>

Plaintiff asserts that if Defendant cannot establish possession of a valid, enforceable lien the court should quiet title. (Compl. ¶ 5.) However, not only does Defendant correctly argue that a quiet title claim requires Plaintiff to prove, "and thereby recover on, the strength of his title and not on the weakness of his adversary's title," Defendant has also produced the promissory note (the "Note") in Wells Fargo's name as well as an Assignment of the Deed of Trust naming Wells Fargo as the successor to Accredited Mortgage Services. (Doc. # 6 Exs. 1, 3.)

A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim. <u>Florey v. Estate of McConnell</u>, 212 S.W.3d 439, 448 (Tex. App. 2006). "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." <u>Wright v. Matthews</u>, 26 S.W.3d 575, 578 (Tex. App. 2000). "In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." <u>Hahn v. Love</u>, 321 S.W.3d 517, 531 (Tex. App. 2009). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's

claim to title."  Gordon v. W. Hous. Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App. 2011).

To state a quiet title claim, a plaintiff must show: (1) an interest in a specific property; (2) title to the Property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.  U.S. Nat'l Bank Ass'n v. Johnson, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011) (citing Sadler v. Duvall, 815 S.W.2d 285, 293 n.2 (Tex. App. 1991)). Further, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."  Wright, 26 S.W.3d at 578.

In this case, it is undisputed that Plaintiff purchased the Property after securing a loan on February 15, 2008 and has possessed the Property ever since. (Compl. ¶ 5.)  In addition, the Note evidencing the loan and Plaintiff's payments under the Note are secured by a Deed of Trust.  (Id.)  Furthermore, Plaintiff admits that the Property is encumbered by the Deed of Trust. (Id.)  Defendant's claim that it has the right to foreclose on the Property constitutes a "cloud" upon Plaintiff's title.  See Routh v. Bank of Am., N.A., No. SA-12-CV-244-XR, 2013 WL 427393, at *4 (W.D. Tex. Feb. 4, 2013) (noting that the "alleged right to foreclose constitutes a 'cloud' because it affects Plaintiffs' legal title to the property").  Therefore, the

first and second elements of a claim for quiet title are satisfied.  However, Plaintiff fails to plead sufficient facts to support the third element—namely, that "the claim, although facially valid, is invalid or unenforceable."  See Johnson, 2011 WL 6838507, at *3.

Plaintiff asserts that Defendant's claim is unenforceable because there is no evidence that the Defendant possesses a valid and enforceable lien on the Property or that the Defendant is acting as agent for a party that possesses a valid and enforceable lien.  (Compl. ¶ 6.)  However, not only has the Plaintiff failed to show his "superior equity and right to relief" by providing factual assertions regarding the strength of his own interest, Defendant has provided the Court with evidence of its possession of both the Note and Deed of Trust.  (Doc. # 6).  Thus, Plaintiff's claim must fail for two reasons: because it rests on the weakness of his adversary's title, not on the strength of his own, and because it incorrectly assumes that Defendant is not the mortgagee.  (Compl. ¶ 5.)  Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

II. <u>Injunctive and Declaratory Relief</u>

Plaintiff's request for injunctive relief also fails.  Plaintiff seeks both temporary and permanent injunctive relief that would enjoin Wells Fargo Bank, and its agents, servants, and employees, from foreclosing on the subject property at issue

in this case. (Compl. § F, ¶ 1-3.) Pursuant to Local Rule CV-65, "[a]n application for a temporary restraining order or preliminary injunction shall be made in an instrument separate from the complaint." Moreover, to obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim. See Harris Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999). For the reasons explained above, Plaintiff has not pled a single viable cause of action; thus, his claim for injunctive relief fails. See Pajooh v. Harmon, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming district court's denial of injunctive relief when plaintiff failed to state a claim).

III. Claims Against The Trust

      Plaintiff's Complaint names the Trust as a defendant to the suit but fails to allege any facts concerning the Trust or any cause of action against the Trust. (Compl.) Therefore, Plaintiff has failed to state a plausible claim for relief against the Trust.

## CONCLUSION

      For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. # 3.) Plaintiff has not sought leave to amend and, in any event, amendment would be futile; Plaintiff cannot bring a quiet title action against Defendant because Defendant has established that it has a valid and enforceable lien

on the Property.   Accordingly, Plaintiff's claims are **DISMISSED**.

       IT IS SO ORDERED.

       DATED: San Antonio, Texas, July 15, 2013.

                                                _____
                                                David Alan Ezra
                                                Senior United States District Judge